THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

KGC

January 16, 2024

Cancellation No. 92081842

*The Men's Wearhouse, LLC*

*v.*

*WKND NYC LLC*

**Before Shaw, Acting Deputy Chief Administrative Trademark Judge,**
**and Kuhlke and Lynch, Administrative Trademark Judges.**

**By the Board:**

This proceeding is before us for consideration of WKND NYC LLC's (hereinafter "Respondent") November 14, 2023 response (12 TTABVUE)[1] to the Board's October 25, 2023 order to show cause (11 TTABVUE).

A registration issued under Section 1 of the Trademark Act of 1946, 15 U.S.C. § 1051, "shall remain in force for 10 years" provided that "[t]he owner of the registration files in the United States Patent and Trademark Office [an] affidavit[]" (hereinafter "Section 8 declaration") "[w]ithin the 1-year period immediately

---

[1] In this order, citations to the record are to TTABVUE, the Board's online docketing system. *See Turdin v. Trilobite, Ltd.*, 109 USPQ2d 1473, 1476 n.6 (TTAB 2014); *see also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE § 106.03 (2023). Specifically, the number preceding TTABVUE corresponds to the docket entry number, and any number(s) following TTABVUE refer to the page number(s) of the docket entry where the cited materials appear.

preceding the expiration of 6 years following the date of registration."[2] Trademark Act Section 8(a)(1), 15 U.S.C. § 1058(a)(1); *see also* Trademark Rule 2.160(a)(1)(i), 37 C.F.R. § 2.160(a)(1)(i). If a Section 8 declaration is not filed during this period, then the registration "shall be canceled by the Director." 15 U.S.C. § 1058(a)(1); *see also* Trademark Rule 2.160(a)(1)(i).

However, "[t]he owner [of the registration] may file the [Section 8 declaration] within the 6-month grace period immediately following the expiration of" the six-year anniversary of the registration date.[3] 15 U.S.C. § 1058(a)(3); *see also* Trademark Rule 2.160(a)(3). "If no [Section] 8 … declaration is filed before the end of the grace period, USPTO records are [not] automatically updated to indicate that the registration is cancelled …. until approximately 10 days after the expiration of the grace period." TRADEMARK MANUAL OF EXAMINING PROCEDURE (TMEP) § 1611 (Nov. 2023) (citations and emphasis omitted).[4] "The reason the USPTO waits … approximately 10 days

---

[2] The owner of the registration also must file a Section 8 declaration "[w]ithin the 1-year period immediately preceding the expiration of 10 years following the date of registration, and each successive 10-year period following the date of registration," failing which the registration "shall be canceled by the Director." Trademark Act Section 8(a)(2), 15 U.S.C. § 1058(a)(2); *see also* Trademark Rule 2.160(a)(2), 37 C.F.R. § 2.160(a)(2).

In addition, "each registration may be renewed for periods of 10 years at the end of each successive 10-year period following the date of registration upon payment of the prescribed fee and the filing of a written application" (hereinafter "Section 9 renewal application"), Trademark Act Section 9(a), 15 U.S.C. § 1059(a), failing which "the registration will expire," Trademark Rule 2.182, 37 C.F.R. § 2.182. *See also* Trademark Rule 2.181(a)(2), 37 C.F.R. § 2.181(a)(2).

[3] The six-month grace period also applies to the filing of a Section 8 declaration and Section 9 renewal application following the expiration of each ten-year anniversary of the registration date. Trademark Act Sections 8(a)(3) and 9(a), 15 U.S.C. §§ 1058(a)(3), 1059(a); *see also* Trademark Rules 2.160(a)(3), 2.182, 37 C.F.R. §§ 2.160(a)(3), 2.182.

[4] The same applies to the expiration of a registration under Section 9. *See* TMEP § 1611.

after the expiration of the grace period before updating its records to show that the registration is cancelled … is to avoid inadvertent cancellation … due to a delay in entering a timely filed [Section] 8 … declaration … into USPTO records." *Id.*

Respondent's Registration No. 5161723 that is the subject of this cancellation proceeding issued on the Principal Register on March 14, 2017. The Section 8 declaration was due by March 14, 2023. *See* 15 U.S.C. § 1058(a)(1); *see also* Trademark Rule 2.160(a)(1)(i). The Men's Wearhouse, LLC's petition for cancellation of Respondent's registration was filed on March 15, 2023,[5] one day after the Section 8 declaration deadline but before September 14, 2023, the expiration of the six-month grace period. *See* 15 U.S.C. § 1058(a)(3); *see also* Trademark Rule 2.160(a)(3). The USPTO's records did not yet reflect any change in the status of the registration when the petition was filed on March 15, 2023 (as explained above, in order to allow for a potential filing of the Section 8 declaration during the grace period to maintain the registration). Thus, the Board instituted this proceeding. However, because no Section 8 declaration was filed during the grace period, after the expiration thereof, the USPTO's records were updated in accordance with USPTO policy on September 29, 2023, to reflect the cancellation of the registration for failure to file the Section 8 declaration. *See* TMEP § 1611.

On October 25, 2023, more than seven months after this proceeding was instituted and more than three weeks after the USPTO's records were updated to reflect the

---

[5] The sole ground for cancellation is abandonment. 1 TTABVUE; *see* Trademark Act Section 14(3), 15 U.S.C. § 1064(3).

cancellation of the registration, the Board issued an order allowing Respondent "to show cause why … cancellation [of its registration under Section 8] should not be deemed to be the equivalent of a cancellation by request of Respondent without the consent of the adverse party, and should not result in entry of judgment against Respondent as provided by Trademark Rule 2.134,"[6] 37 C.F.R. § 2.134. 11 TTABVUE 1.

Respondent timely responded on November 14, 2023, indicating that its "failure to file a Section 8 declaration was the result of inadvertence or mistake." 12 TTABVUE 2. In particular, "due to the engagement of counsel at the beginning of this proceeding, it was believed that this deadline was attended to previously by the client and no longer pending. It was therefore not calendared by counsel's docketing team." *Id.* Respondent requests, among other things, "that the Registration be revived and [Respondent] be permitted to file a Section 8 declaration." *Id.* at 3. However, it is well settled that the deadline for filing a Section 8 declaration is statutory and cannot be waived. *See Checkers Drive-In Rests., Inc. v. Comm'r of Pats. & Trademarks*, 51 F.3d 1078, 34 USPQ2d 1574, 1581 (D.C. Cir. 1995) ("[I]n

---

[6] Trademark Rule 2.134(b), 37 C.F.R. § 2.134(b), provides in relevant part:

> After the commencement of a cancellation proceeding, if it comes to the attention of the Trademark Trial and Appeal Board that the respondent has permitted its involved registration to be cancelled under section 8 … of the Act of 1946, … an order may be issued allowing respondent until a set time … in which to show cause why such cancellation … should not be deemed to be the equivalent of a cancellation by request of respondent without the consent of the adverse party and should not result in entry of judgment against respondent as provided by paragraph (a) of this section. In the absence of a showing of good and sufficient cause, judgment may be entered against respondent as provided by paragraph (a) of this section.

establishing cancellation as the penalty for failure to file the required [Section 8 declaration], Congress made no exception for the innocent or the negligent. Thus, the Commissioner had no discretion to do other than cancel Checkers's service mark registration in this case.") (citing *In re Mother Tucker's Food Experience (Can.) Inc.*, 925 F.2d 1402, 17 USPQ2d 1795, 1798 (Fed. Cir. 1991) ("It was not within the Commissioner's discretionary authority to waive [the Section 8] requirement[.]")). Accordingly, we consider the effect of Respondent's failure to file a Section 8 declaration on this cancellation proceeding.

The Board recently addressed the effect of a respondent's failure to file a Section 8 declaration and Section 9 renewal application on a petition for cancellation of a registration that was filed after the ten-year anniversary of the registration date but before the end of the grace period for filing the Sections 8 and 9. In *Taylor v. Motor Trend Grp., LLC*, 2023 USPQ2d 1051 (TTAB 2023), the Board held that "the date of expiration of a registration is not based on the expiration of the grace period or the date on which the USPTO takes the ministerial action of entering the expiration and cancellation of the registration into the USPTO trademark database." 2023 USPQ2d 1051, at *2. "Rather, if a [Section 8 declaration and Section 9 renewal application] are not filed by the end of the grace period, a registration expires by operation of law as of the last day of its ten-year term, and no rights in the registration exist after that date." *Id.* Therefore, the Board held that the petition for cancellation was moot because the involved registration had expired by operation of law before the

5

commencement of the cancellation proceeding, and the Trademark Rule 2.134(b) show-cause procedure thus did not apply.

As support, the Board in *Taylor* cited its earlier decision in *Land O' Lakes, Inc. v. Hugunin*, 88 USPQ2d 1957 (TTAB 2008), in which, although discussed in the context of an affirmative defense, the Board held that a "registration expired by operation of law on [the day after the six-year anniversary] as a result of [a] failure to file" a Section 8 declaration. 88 USPQ2d at 1959 (citations and footnote omitted). As in *Taylor*, the Board in *Land O' Lakes* determined that "the date of expiration of [a] registration is not dependent on the date the Office undertook the ministerial function of entering the cancellation into the USPTO database." *Id.*

We find the principles set forth in *Land O' Lakes* and *Taylor* apply here. The result of failing to file the six-year Section 8 declaration during the grace period is that the registration's term ends and the registration is effectively cancelled by operation of law as of "the expiration of 6 years following the date of registration." 15 U.S.C. § 1058(a)(1); *see Land O' Lakes*, 88 USPQ2d at 1959. Thus, as in *Taylor*, if a petition for cancellation of a registration is filed after the date the registration was cancelled by operation of law, Trademark Rule 2.134(b) does not apply and the petition is properly deemed moot. *See also Taylor*, 2023 USPQ2d 1051, at *3 n.5 (listing "cases construing Trademark Rule 2.134(b) where judgment was entered on the ground[] of abandonment ... [because] the renewal application deadline/use affidavit deadline for the registration fell after the filing date of the petition to cancel … [and] the petition was not filed during the grace period"). Judgment cannot be entered against a

respondent based on a moot petition for cancellation merely because the petition was filed during the grace period for a Section 8 declaration.

In view thereof, with respect to Respondent's involved Registration No. 5161723, though the USPTO's records show the cancellation date in the USPTO database as September 29, 2023, the registration, which registered on March 14, 2017, was actually cancelled by operation of law as of March 14, 2023 for the failure to file (including within the grace period) a Section 8 declaration. 15 U.S.C. § 1058(a)(1). Inasmuch as the petition for cancellation was filed against a cancelled registration, Trademark Rule 2.134(b) does not apply. Instead, the petition for cancellation is moot.

Because of this sequence of events—where the involved registration was cancelled by operation of law prior to the filing of the petition for cancellation—the Board's October 25, 2023 order to show cause is **vacated**, and the petition for cancellation is **dismissed without prejudice as moot**.